UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD RAY BLACKSTON,

    Plaintiff,

v.                                                                                          Case No. 1:22-cv-918

COMMISSIONER OF SOCIAL                                          Hon. Ray Kent
SECURITY,

    Defendant.

_____/

**OPINION**

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a Notice of Overpayment by the Social Security Administration (the "agency"). This matter is now before the Court on defendant's motion to dismiss the complaint because plaintiff did not exhaust his administrative remedies and there is no final decision of the Commissioner for the Court to review (ECF No. 9).

    **I.**    **Discussion**

Defendant summarized the administrative proceedings as follows:

> On August 9, 2022, the agency sent Plaintiff a Notice of Overpayment letter in which it advised him that it would collect an overpayment of his supplemental security income (SSI) benefits in the amount of $6,087.68 (PageID.6-7). Plaintiff requested reconsideration of the overpayment (PageID.18), and on October 5, 2022, the agency determined that it would not waive collection of Plaintiff's overpayment. *See* Defendant's Exhibit A at 1-3 [ECF No. 9-1, PageID.66-68]. The agency's October 5, 2022 letter explained that, if Plaintiff disagreed with the decision, he had a right to request a hearing before an ALJ. *See* Defendant's Exhibit A at 2 [PageID.67]. The letter further informed Plaintiff that he had 60 days to request the hearing in writing, starting the day after he received the letter. *See* Defendant's Exhibit A at 2 [PageID.67].

1

Defendant's Brief (ECF No. 9. PageID.61-62) (footnote omitted).

The agency's October 5, 2022 letter reconsidered its decision and concluded that "[b]ased on the facts we have, our decision that you are overpaid is correct and we cannot waive collection of your overpayment of $6,003.58". *See* Letter (Oct. 5, 2022) (ECF No. 9-1, PageID.66).[1]  This letter also advised plaintiff:

• You have 60 days to ask for a hearing.

• The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

• You must have a good reason if you wait more than 60 days to ask for a hearing.

• You have to ask for a hearing in writing. We will ask you to sign a form HA-501-U5, called "Request for Hearing." Contact one of our offices if you want help.

PageID.67.

Plaintiff does not allege that he asked for a hearing as instructed in the October 5, 2022 letter, that he exhausted the administrative remedies before filing this lawsuit, or that exhaustion should be waived.

Defendant seeks to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) because he failed to exhaust his administrative remedies with respect to the August 9, 2022 Notice of Overpayment.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A

---

[1] The Court notes that while the overpayment was identified as $6,087.68 on August 9, 2022 (PageID.13), the overpayment was reduced to $6,003.58 on October 5, 2022 (PageID.66).  This reduction appears due to a collection of $84.10 on the overpayment.  *See* Notice of Overpayment (Aug. 9, 2022) ("We plan to collect this overpayment from your SSI checks.  We'll hold back $84.10 each month starting with November 2022 until you have paid us back.  If you ask for waiver or appeal in the next 30 days, we won't change your check until we decide your case.") (PageID.13).

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Finally, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

The Court construes plaintiff's complaint as contesting the agency's August 9, 2022 Notice of Overpayment as filed pursuant to 42 U.S.C. § 405(g).[2] The issue in this lawsuit is whether the agency properly determined that it overpaid plaintiff's SSI benefits due to pension

---

[2] The Court notes that plaintiff filed a form "Complaint for a civil case" (ECF No. 1). Plaintiff identified the basis for federal jurisdiction as (in his words) "ajusting income when I've worked discrimination mistratment reffer to doc Richard's disabled life." PageID.3. Plaintiff listed his statement of claim as "Doc. Richard's life my disabled life." PageID.4. Plaintiff requested no relief. *Id*. In his attached letter "To the deciding judge", plaintiff refers to his appeal sent to the agency on September 19, 2022, about the overpayment. *See* Letter to Judge (ECF No. 1-1, PageID.9).

3

benefits which he received from March 2020 through July 2022.[3] *See* Compl. (ECF No. 1); Notice of Overpayment (Aug. 9, 2022) (ECF No. 1-1, PageID.13); Letter (Oct. 5, 2022) (ECF No. 9-1).

For Social Security disability cases, "[t]he Social Security Act allows for judicial review of 'any final decision . . . made after a hearing' by the Social Security Administration." *Smith v. Berryhill*, 587 U.S. -- , 139 S. Ct. 1765, 1771 (2019). Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part that:

> Any individual after any *final decision* of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added). The Supreme Court has recognized that "[t]his provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

The Supreme Court explained the administrative review process in *Smith*:

> [C]laimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. *See* 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

*Smith*, 139 S. Ct. at 1772.

---

[3] Plaintiff's response included a letter from his mother which explained that, "[Plaintiff] has reported his income he got from his father's pension, upon his death, he received for 2 years." Letter (ECF No. 11-1, PageID.114) (emphasis omitted).

>The regulations further provide that such a civil action:
>
>must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual. . . For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision . . . shall presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

Defendant contends that plaintiff's complaint should be dismissed because he did not exhaust the agency's administrative review process for appealing the August 9, 2022 Notice of Overpayment. In addressing defendant's motion to dismiss, the Court will consider the agency's records related to the Notice of Overpayment, and documents which relate to plaintiff's attempts to challenge the Notice attached to the complaint, defendant's motion to dismiss and the parties' briefs (which include plaintiff's letters and supplements). See *Bassett*, 528 F.3d at 430.

Plaintiff's complaint indicates that he received the agency's August 5, 2022 Notice of Overpayment and requested reconsideration of that Notice. See PageID.13-14, 18. In a letter "[t]o the deciding judge" attached to the complaint, plaintiff states, "September 19th 2022, still no response to my appeal sent too [sic] Social Security about overpayment." Letter to Judge (ECF No. 1-1, PageID.9). Notably, plaintiff signed and dated his complaint on October 3, 2022 (PageID.5), two days *before* the agency issued the October 5, 2022 letter which reconsidered the Notice of Overpayment (PageID.66). It appears that plaintiff brought this lawsuit to complain about the agency's issuance of the Notice of Overpayment and its failure to respond to his request for reconsideration. Plaintiff mailed his complaint to the Court, where it was filed on October 5, 2022. This chronology explains why plaintiff's complaint does not reference the agency's October 5, 2022 letter.

Defendant's supporting brief included a copy of the agency's October 5, 2022 letter (PageID.66-68) and pointed out that plaintiff's complaint did not demonstrate exhaustion or explain why the exhaustion requirement should be waived. Plaintiff filed a timely response to defendant's motion to dismiss (ECF No. 11) followed by two letters and three "supplements" (*see* ECF Nos. 12, 13, 14, 15, and 16). In his response, plaintiff acknowledged that he received the October 5, 2022 letter. *See, e.g.*, PageID.80-83, 110-112. While plaintiff indicated that he complained about the agency's October 5, 2022 decision after filing this lawsuit, none of plaintiff's letters or supplements indicate that he asked the agency for a hearing. Rather, plaintiff contacted other parties. For example, plaintiff filed a copy of the October 5th letter on which he appeared to write "I made severl [sic] appeals with Assistance from Sen. Debbie Stabenow and Derrick" (an employee at the Senator's Grand Rapids Office). PageID.82. Plaintiff sent a 9-page fax to "Derrick" on October 7, 2022 and a 5-page fax to "Derrick" on October 13, 2022. The contents of the faxes are unclear. PageID.97, 102, 108, 113. In addition, plaintiff advised the Court that he contacted Legal Aid of Western Michigan (Legal Aid). Plaintiff filed a copy of an October 7, 2022 letter he received from Legal Aid which stated that plaintiff spoke on a hotline with an attorney about "a legal matter" but that Legal Aid "will not be providing you with any further legal assistance." See Legal Aid Letter (ECF No. 11-1, PageID.103).

Accepting plaintiff's allegations as true and considering the exhibits attached to the complaint and other filings,[4] plaintiff has failed to establish that he exhausted his administrative remedies with respect to the August 9, 2022 Notice of Overpayment. In short, there is no final decision for this Court to review pursuant to 42 U.S.C. § 405(g).

---

[4] *See Bassett*, 528 F.3d at 430.

## II.     Conclusion

For these reasons, plaintiff has failed to exhaust his administrative remedies with respect to the August 9, 2022 Notice of Overpayment.  Defendant's motion to dismiss (ECF No. 9) will be granted.  A separate order consistent with this opinion will enter.

Entered:  November 28, 2023            /s/ Ray Kent
                                       RAY KENT
                                       United States Magistrate Judge